IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CINDY L. BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-1100-D |
| | ) | |
| HEAD COUNTRY FOOD PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Head Country Food Products, Inc.'s Motion to Dismiss [Doc. No. 4], filed pursuant to Fed. R. Civ. P. 12(b)(6). Defendant seeks dismissal only of a pendent state law claim asserted in the Complaint for wrongful discharge in violation of Oklahoma public policy. Defendant asserts that Plaintiff cannot state such a claim because she has adequate federal statutory remedies. Plaintiff has timely opposed the Motion, which is at issue.

**Standard of Decision**

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *accord Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236 (10th Cir. 2007); *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). Here, however, Defendant's Motion raises a purely legal issue. Defendant does

not dispute that Plaintiff adequately alleges federal employment law claims; it challenges only whether she can also pursue a state law remedy based on those same factual allegations.

**Plaintiff's Claims**

Briefly stated, Plaintiff is a female, over-40 former employee of Defendant who worked as a production employee from March, 2003, until September, 2005. Plaintiff alleges that during her employment she was subjected to sex-based, age-based, and retaliatory harassment that created a hostile work environment and ultimately resulted in her constructive discharge. The Complaint contains a litany of incidents involving sexual comments and physical conduct directed at Plaintiff and others, and derogatory remarks made to Plaintiff by coworkers and managers arguably based on her gender and age. Plaintiff alleges that she "repeatedly complained about the sexual, gender, and age related comments" but her complaints and opposition were ignored, "and resulted in more aggressive comments in retaliation for her reporting." *See* Compl. ¶ 15. Plaintiff claims she was "forced to quit because of the sexual harassment, physical threats, constant berating and cursing, the gender and age discriminatory remarks and profanity." *See* Compl. ¶ 20. The Complaint also states that Plaintiff timely filed an EEOC charge of age and gender discrimination and retaliatory termination and that she timely filed suit within 90 days after receiving notice of her right to sue.

Based on these allegations, Plaintiff asserts the following claims: (1) retaliatory termination in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-3; (2) hostile work environment based on gender discrimination and sexual harassment in violation of Title VII; (3) age discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and (4) a state law wrongful discharge in violation of Oklahoma's public policy as articulated in anti-discrimination statutes, Okla. Stat. tit. 25, § 1001 *et seq.*, and recognized

not dispute that Plaintiff adequately alleges federal employment law claims; it challenges only whether she can also pursue a state law remedy based on those same factual allegations.

**Plaintiff's Claims**

Briefly stated, Plaintiff is a female, over-40 former employee of Defendant who worked as a production employee from March, 2003, until September, 2005. Plaintiff alleges that during her employment she was subjected to sex-based, age-based, and retaliatory harassment that created a hostile work environment and ultimately resulted in her constructive discharge. The Complaint contains a litany of incidents involving sexual comments and physical conduct directed at Plaintiff and others, and derogatory remarks made to Plaintiff by coworkers and managers arguably based on her gender and age. Plaintiff alleges that she "repeatedly complained about the sexual, gender, and age related comments" but her complaints and opposition were ignored, "and resulted in more aggressive comments in retaliation for her reporting." *See* Compl. ¶ 15. Plaintiff claims she was "forced to quit because of the sexual harassment, physical threats, constant berating and cursing, the gender and age discriminatory remarks and profanity." *See* Compl. ¶ 20. The Complaint also states that Plaintiff timely filed an EEOC charge of age and gender discrimination and retaliatory termination and that she timely filed suit within 90 days after receiving notice of her right to sue.

Based on these allegations, Plaintiff asserts the following claims: (1) retaliatory termination in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-3; (2) hostile work environment based on gender discrimination and sexual harassment in violation of Title VII; (3) age discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and (4) a state law wrongful discharge in violation of Oklahoma's public policy as articulated in anti-discrimination statutes, Okla. Stat. tit. 25, § 1001 *et seq.*, and recognized

in *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989), and its progeny, including most recently, *Saint v. Data Exchange, Inc.*, 145 P.3d 1037 (Okla. 2006).

**Defendant's Motion**

Defendant seeks the dismissal of Plaintiff's state law wrongful discharge claim based on precedents of the Oklahoma Supreme Court holding that a *Burk* claim is precluded when an adequate federal remedy exists. *See Clinton v. State ex rel. Logan County Election Bd.*, 29 P.3d 543, 546 (Okla. 2001); *Marshall v. OK Rental & Leasing, Inc.*, 939 P.2d 1116, 1122 (Okla. 1997); *List v. Anchor Paint Mfg. Co.*, 910 P.2d 1011, 1013 (Okla. 1996). The issue presented is whether Plaintiff can simultaneously pursue federal claims of wrongful termination under Title VII and ADEA and a state law wrongful discharge claim under *Burk* and other decisions of the Oklahoma Supreme Court, such as *Saint*, *Collier v. Insignia Financial Group*, 981 P.2d 321 (Okla. 1999), and *Tate v. Browning-Ferris Inc.*, 833 P.2d 1218 (Okla. 1992). For reasons that follow, the Court finds that the resolution of this issue depends on the nature of the claim asserted.

**Analysis**

Prior to the Oklahoma Supreme Court's decision in *Saint v. Data Exchange*, 145 P.3d 1037 (Okla. 2006), Oklahoma law seemed clear that the federal statutory remedy available under Title VII provided an adequate and exclusive means to recover for employment discrimination resulting in a constructive discharge. *See Clinton*, 29 P.3d at 546. In *Saint*, however, the Oklahoma Supreme Court announced that "there is a *Burk* tort remedy for those who allege employment age discrimination." *Saint*, 145 P.3d at 1039. In reaching its decision, the court neither discussed the adequacy of the available federal remedy nor prior cases, such as *List v. Anchor Paint Mfg. Co.*, 910 P.2d 1011, 1015 (Okla. 1996), holding that the federal age discrimination statute provides an

exclusive remedy. This silence has created uncertainty about the continued validity of prior precedents that had been viewed by federal courts as precluding *Burk* claims in federal employment discrimination cases.

Following *Saint*, federal judges in Oklahoma have attempted in various ways either to reconcile the Oklahoma Supreme Court's employment law decisions or to manage federal cases involving *Burk* claims until the uncertainty is resolved. The undersigned has previously concluded that, in view of *Saint*, an age-based *Burk* claim should be allowed to proceed. *See Morris v. Love's Travel Stops & Country Stores, Inc.*, No. CIV-06-1008-D, 2008 WL 1841021 (W.D. Okla. April 21, 2008) ("Because a federal court must defer to the most recent decisions of the state's highest court, this Court will follow *Saint* and the Oklahoma Supreme Court's decision to provide a *Burk* remedy in an ADEA case.") (quotation and citation omitted).[1] The Court will adhere to that ruling in this case and will permit Plaintiff to pursue both her ADEA and *Burk* claims based on the termination of her employment.[2]

The undersigned has previously reached a different conclusion, however, regarding a gender-based claim of constructive discharge and has declined to extend *Saint* to Title VII cases. *See Bair v. Colonial Plaza Nursing Home, Inc.*, No. CIV-07-1346-D, Order at 6 (W.D. Okla. Aug. 1, 2008) (finding that "the federal statutory remedy provided by Title VII is adequate to protect Oklahoma's public policy goals and precludes a *Burk* claim"). The Court will adhere to that ruling in this case

---

[1] *In so holding, the Court noted the limited remedy available under the ADEA, which authorizes an award of back pay and, for willful violations, an equal amount as liquidated damages but which does not allow the recovery of compensatory or punitive damages. See Morris, 2008 WL 1841021 at *1 n.1.*

[2] *Plaintiff cannot base a Burk claim on Defendant's alleged refusal to provide additional job training because of age; only a discharge from employment – actual or constructive – is actionable under Burk. See Collier, 981 P.2d at 326; see also Rollins v. American Airlines, Inc., No. 06-5135, 2008 WL 2192091, *3 (10th Cir. May 28, 2008) (unpublished decision cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A)).*

and will not permit Plaintiff to go forward with both a Title VII claim and a *Burk* claim based on the alleged gender-based termination of her employment.

The undersigned has not previously decided whether retaliatory discharge claims should be permitted to proceed in tandem under both Title VII and *Burk*. The Oklahoma Supreme Court has repeatedly distinguished in its opinions between a discriminatory discharge based on an employee's status and a retaliatory discharged based on an employee's conduct. Even in *Clinton*, where the court professed to answer "head-on" the question of "whether the existence of an adequate federal statutory remedy precludes the *Burk* tort," the court carefully rephrased the certified question in a way that necessarily limited its answer to wrongful discharges "based on the employee's status." *Clinton*, 29 P.3d at 546. Nevertheless, the underlying rationale behind the court's answer – that "[w]hen a statutory remedy adequately accomplishes the goal of protecting Oklahoma public policy, a common law remedy is not needed" – applies with equal force regardless of whether the discharge is status-based or conduct-based. Accordingly, because the federal remedy provided by Title VII adequately protects Oklahoma's public policy prohibiting the termination of an employee because the employee reports or opposes gender discrimination, the Court finds that a *Burk* claim is precluded in retaliatory discharge cases as well.

## Conclusion

For these reasons, the Court finds that the *Burk* tort claim asserted by Plaintiff in this case should be limited to Plaintiff's allegation that her constructive discharge was motivated by age discrimination.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No. 4] is GRANTED in part and DENIED in part.  Plaintiff's pendent tort claim under *Burk* may proceed only with regard to Plaintiff's allegation of age discrimination in the termination of her employment.

IT SO ORDERED this 5th day of August, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE